UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRENDA M. MOSES                          CIVIL ACTION

VERSUS                                                    NO. 07-1746

STATE FARM FIRE & CASUALTY          SECTION "C" (5)
COMPANY

ORDER AND REASONS

This matter comes before the Court on order to show cause why this matter should not

be remanded to state court for lack of subject matter jurisdiction.   Having reviewed the

record, the memoranda of counsel and the law, the Court has determined that remand is

appropriate for the following reasons.

The plaintiff's suit seeks damages for unpaid Katrina-related damages allegedly owed

under a homeowners policy issued by the defendant.   After being severed from another

removed matter, the plaintiff filed an amended petition in this matter in which she states that

the jurisdictional amount is not present for diversity purposes and in which she waives "the

right to seek any judgment in excess of $75,000.00."  (Rec. Doc. 8, p. 9).

With regard to the existence of the jurisdictional minimum, the parties may neither

consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193

F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a

federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O

Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir.

1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts

that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v.

Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the

removing parties must prove by a preponderance of the evidence that the jurisdictional

minimum exists.  Id.   This showing may be made by either: (1) demonstrating that it is facially

apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the

facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the

recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if

appropriately challenged, or if inquiry be made by the court of its own motion, to support the

allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938),

citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil

Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The defendant argues that it is facially apparent that the jurisdictional minimum

necessary for diversity jurisdiction exists based on the remaining unpaid limits of the policy

and the estimated loss of use/lost rents, attorney's fees, damages and costs.  (Rec. Doc. 8).

The defendant also argues that the plaintiff has not sufficiently renounced her right to accept a

judgment in excess of the jurisdictional minimum.

The Court finds that defendant has not met its burden of showing that the

jurisdictional amount is facially apparent.   The Court construes the plaintiff's stipulation as "binding" for purposes of La. Code Civ. P. art. 862 under the reasoning in Crosby v. Lassen Canyon Nursery, Inc., 2003 WL 22533617 (E.D.La.)(J. Vance),  and it is otherwise significant evidence of the amount in controversy for present purposes.   Although the issue is close, the defendant presents no other proof that the jurisdictional minimum existed at the relevant time.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 16th day of May, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE